Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*
Michael Anderson and Catalina Anderson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Anderson and Catalina Anderson,<br><br>Plaintiffs,<br><br>v.<br><br>Fiore Racobs & Powers A Professional Law Corporation,<br><br>Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Michael Anderson and Catalina Anderson, ("Plaintiffs"), through Plaintiffs' attorneys, bring this action to challenge the actions of Fiore Racobs & Powers A Professional Law Corporation, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Michael Anderson and Catalina Anderson, through Plaintiffs' attorneys, brings this action to challenge the actions of Fiore Racobs & Powers A Professional Law Corporation, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

7. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, which Plaintiffs allege on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

10. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

11. Through this complaint, Plaintiffs do not allege that any state court judgment was entered against Plaintiffs in error, and Plaintiffs do not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

13. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

14. Plaintiffs are natural persons who resides in the City of Riverside, County of Riverside, State of California.

15. Plaintiffs reside in Riverside County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

16. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiffs were physically located in the City of Riverside, County of Riverside, State of California.

17. Because a substantial part of the events or omissions giving rise to the claim occurred in Riverside County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

18. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

19. Plaintiffs are natural persons who resides in the City of Riverside, State of California.

20. Defendant is located in the City of Riverside, in the State of California.

21. Plaintiffs are natural persons allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

22. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

23. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

24. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

26. Sometime before September 30, 2013 Plaintiffs is alleged to have incurred certain financial obligations with Stone Harbor - Bridgport Homeowners Association.

27. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

29. Sometime thereafter, but before September 30, 2013, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant

to this action, Plaintiffs currently take no position as to the validity of this alleged debt.

30. Subsequently, but before September 30, 2013, the alleged homeowners association debt was assigned, placed, or otherwise transferred, to Defendant for collection.

31. On or about September 30, 2013, Defendant mailed a dunning letter to Plaintiffs. A few days later, Plaintiffs received that letter.

32. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

33. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34. Defendant's September 30, 2013 letter stated that Plaintiff's owed a balance of $1,792.13. Defendant's September 30, 2013 letter further stated, and in contradiction to Defendant's earlier statement that Plaintiffs' owed $1,792.13, that Plaintiffs' owed a current balance of $1,865.25.

35. Through this conduct, this initial communication to Plaintiffs by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiffs in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

36. Defendant's September 30, 2013 letter further stated in part, "Unless your payment is received by this office, within THIRTY (30) DAYS of the date of this letter, a lien will be recorded against your property." Defendant failed within five days after its initial communication with Plaintiffs, to provide

written notification containing a statement that included a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. This omission by Defendant violated 15 U.S.C. § 1692g.

37. Defendant sent Plaintiffs emails on February 6, 2013, February 22, 2013, and March 25, 2013.

38. Defendant's February 6, 2013, February 22, 2013 and March 25, 2013 communications with Plaintiffs failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiffs repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiffs is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiffs repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

45. As a result of each and every violation of the Rosenthal Act, Plaintiffs is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: September 4, 2014　　　　　　　　　　**HYDE & SWIGART**

By: s/ Crosby S. Connolly
Crosby S. Connolly
Attorneys for Plaintiffs